The complainant is the Grand Court of New Jersey Foresters of America; the defendants, Court Riverside No. 100 Foresters of America, and certain individuals, formerly members of that court, and also Court Riverside No. 3 Improved Order of Foresters, some individual members, the trustees, Delanco Building and Loan Association, and Riverside Trust Company. The defendant Court Riverside No. 100 Foresters of America, which is a subordinate lodge of the Grand Court of New Jersey Foresters of America, the complainant, seceded from the grand court, and upon such secession set up a new court, known as Court Riverside No. 3 Improved Order of Foresters, not under the jurisdiction of the complainant. The seceding court then transferred to the new court all of its property and assets, and all of the members of the old court became members of the new court.
Upon such secession the complainant, the grand court, demanded of the seceding court that it turn over to the complainant all of its property and assets under the provisions of the constitution and by-laws of the grand court, subject to which the subordinate court was organized and existed. This demand being refused, this bill was filed asking that the conveyance of the real estate referred to be set aside and that an account be had of the personal property, and also of the disbursements and income respecting the real estate. All of the material facts alleged in the bill of complaint are admitted by the defendants, either by the answers filed or in open court. The only allegations of the bill which are denied are those allegations of the legal effect of the various constitutions and by-laws of the organizations involved.
The constitution and by-laws of the grand court provide that upon the secession of a subordinate court the assets of the subordinate court shall be turned over to the grand court, *Page 449 
as a trust fund for certain purposes, some of these purposes being the payment of the funds to a reorganized court, providing fifteen members of the subordinate seceding court do reorganize; and in the event that no such reorganization take place, then for the purpose of paying the sick and funeral benefits provided for in the constitution and by-laws of the grand court to the individual members of the seceding court who did not consent or vote for such secession, those members upon this occurrence becoming members of the grand court direct until their affiliation with some other subordinate court.
It appears that all of the members of the seceding court have become members of the new Court Riverside No. 3 Improved Order of Foresters, which, as I said before, is not under the jurisdiction of the grand court, and that all of them have signed a release, which release was tendered here in court, to the grand court, releasing all claims to any benefits under this trust fund. And the contention of the defendant is that upon the execution of that release the trust becomes a dry trust, and therefore unenforceable, and that the property becomes the property of the new court organized by the members of the old court.
I am unable to agree with this contention of the defendant. My theory of the provisions of the constitution and by-laws of the grand court, under which the defendant Court Riverside No. 100 was acting, is that the fund derived from seceding or expelled courts is to be held as a trust fund — first, for the payment of sick and funeral benefits to members of the seceding court who did not consent to such secession or vote for it, and who become members of the grand court direct; and second, for the purpose of paying sick and funeral benefits to members of other seceding or expelled courts who become members of the grand court direct, and whose funds are not sufficient to pay the benefits to which they are entitled.
In other words, that all of the funds of the seceding or expelled courts, after the discharge of the trust imposed upon those funds for the benefit of the members of that particular seceding court, go into a general fund, a trust fund, for the *Page 450 
benefit of all members of the grand court who are members direct and not affiliated with any subordinate court; and it may be that there are other purposes, but these are sufficient for the purpose of this decision. I believe my decision in this cause is controlled by Grand Lodge of Odd Fellows v. Wieland Lodge,93 N.J. Eq. 129.
Under these circumstances it seems to me I have no alternative but to advise a decree for the complainant, and I will advise such decree directing that the real estate be conveyed to the grand court, the complainant, and that an accounting be taken of the personal property and of the receipts and disbursements respecting the real estate.
The parties have practically agreed on the figures, but in the event that the agreement is not consummated, there will be a reference to a master to take an account.