For plaintiff: Quinn, Kernan & Quinn.

For defendant: E. J. Phillips and E. J. McElroy.

---

| | |
|---|---|
| Grand Court of Rhode Island, F of A, vs. Court Florence, F of A | Law No. 79102 |

September 28, 1929.

TANNER, J. This is an action at law in which the plaintiff alleges that it is a Rhode Island corporation and the defendant is a local subordinate corporation of said plaintiff and incorporated in the State of Rhode Island; that the defendant had subscribed to the rules, laws and regulations of said plaintiff society and that

said plaintiff society is a unit of the Order known as the Foresters of America, a fraternal society, and that both the plaintiff and defendant are bound by the general laws of the Order; that every Grand Subordinate Court shall comply with all the laws of the Supreme Court, etc.; that one of the general rules of the Order provides for sick benefits to members and that the defendant by the general rules of the Order was bound to apply its funds for said sick benefits, and that said defendant has always heretofore disbursed its funds for the sole purpose of sick benefits in accordance with the general rules of the Order, but that in December, 1928, the defendant, in contravention of the rules of the Order, voted to place all its funds in the hands of three individuals of the said Defendant Court, which was an act of secession from the Order and intended as such, and was followed by complete renunciation of the authority of the Grand Court and the rules and laws of the Order, and that the defendant by said acts ceased to be a member of the Grand Court; that by Section 18 of the General Laws, upon secession by said Subordinate Court, all the property of the defendant vested in the plaintiff and that thereafter the defendant voted to distribute all its funds pro rata to its members for a purpose having no connection with the objects and aims of the Order or the payment of benefits or debts to said members, thus severing its connection and relationship with the plaintiff.

The plaintiff seeks to recover said moneys and to administer said funds as a trustee for the benefit of the members of the Defendant Court in accordance with the purposes for which said funds were accumulated.

This case is heard upon the demurrer of the defendant to the amended declaration.

The first ground of demurrer is that the Order known as the Foresters of America is a fraternal society and it does not appear that said Order complied with the laws of Rhode Island permitting said Order to operate as a benefit society. It does appear, however, that the plaintiff was duly organized under the laws of Rhode Island. We think that in accordance with the usual allegations concerning corporations that this would be sufficient for the purposes of pleading.

This ground of demurrer is overruled.

The second ground of demurrer is that no cause of action is stated because the declaration alleges that the receipts of the defendant corporation were paid in by its members for the use and benefit of its members and that said members voted certain trustees to distribute, and who did distribute, its funds to its members.

We do not think that this is a full statement of the subject referred to. In general the declaration alleges that the funds were collected for sick benefits and were not used for such purpose.

This ground of demurrer is overruled.

The third ground of demurrer is that no act of secession of the defendant corporation is alleged. The declaration, however, does allege that the pro rata distribution of the funds of the defendant contrary to the rules to which it had subscribed was an act of secession and was followed by a complete renunciation of the authority of the said plaintiff and the rules, laws and regulations of the Order.

We can not say that such action by the defendant did not constitute a secession.

The demurrer upon this ground is overruled.

The fourth ground of demurrer is that the declaration states no cause of action because the alleged contract or general law upon which the plaintiff claims to take by forfeit all the property of the defendant if entered into by the defendant corporation

would be void as an act ultra vires and beyond the power and authority of the said corporation to do.

This ground of demurrer raises the fundamental objection of the defendant. It cites authorities to show that the subordinate society, which is incorporate, is bound only by the laws of its incorporation by the State and is not liable to have its property forfeited or confiscated by some superior body. We have no quarrel with the authorities cited by the defendant. The case made by the plaintiff is not a case of a confiscation or forfeiture of property; it is a case of the enforcement of a trust which is impressed upon the funds of the defendant society under the rules of the Order to which it has subscribed. The decisions cited by the defendant recognize this distinction.

In Grand Court, F of A, vs. Court Cavour No. 133, F of A, 88 Atl. 191, the Court says that a mere bylaw of a superior body that, should any such body be dissolved or suspend, its property should vest in the grand lodge was void because it amounted to confiscation, but the Court draws a distinction between such a case and a case where the bylaw of a superior body provides that the superior body should take the property and devote it to the purpose for which it was collected.

In State Council vs. Sharpe, 38 N. J. Eq. 34, the Court said such body was incorporated by the State but was also chartered by the superior body. This charter provides that in case of dissolution the funds of such a subordinate lodge should be paid to the superior lodge upon a trust to devote them to the purposes for which they were collected. The Court held that incorporation by the State did not affect the enforcement of a trust created by the charter.

We think the case is clearly stated by the plaintiff's authorities.

Grand Court of New Jersey, F of A, vs. Riverside No. 100, F of A, et al., 142 Atl. 306;

Fellows vs. Wieland Lodge, 93 N. J. Eq. 129.

The demurrer is therefore overruled.

For plaintiff: James J. McCabe.

For defendant: Knauer & Fowler.